## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) ) ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) ) | **C O M P L A I N T** |
| | ) ) | **JURY TRIAL DEMAND** |
| **v.** | ) ) ) | |
| **SDI OF MINEOLA, L.L.C. d/b/a SONIC DRIVE-IN,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Vanessa Spurgeon, Krystin McElya, Trinity Hollingsworth and other aggrieved female employees.  As alleged with greater particularity in paragraphs 11-16 below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, SDI of Mineola, L.L.C. d/b/a Sonic Drive-In ("Sonic"), discriminated against Spurgeon and McElya by subjecting them to sex (female) harassment, ultimately leading to their constructive discharge in violation of Title VII of the Civil Rights Act of 1964. EEOC further alleges that Defendant discriminated against Hollingsworth and other aggrieved female employees by subjecting them to sex harassment in violation of Title VII of the Civil Rights Act of 1964.

**COMPLAINT**
Page 1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title

VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Texas, Tyler Division.

## PARTIES

3.      The Commission is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII and is expressly authorized to bring

this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Sonic, has continuously been doing business in

the State of Texas and the City of Mineola and has continuously had at least 15 employees.

5.      At all relevant times, Defendant, Sonic, has continuously been an employer

engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42

U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Vanessa Spurgeon

filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On February 11, 2021, the Commission issued to Defendant a Letter of

Determination finding reasonable cause to believe that Title VII was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.    The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.    On April 19, 2021, the Commission issued to Defendant, a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.    Since at least July 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).

12.    Defendant subjected Vanessa Spurgeon and Krystin McElya to a hostile work environment based on sex (female), ultimately leading to their constructive discharge. Defendant also subjected Trinity Hollingsworth and other aggrieved female employees to a hostile work environment based on sex (female).

13.    Vanessa Spurgeon twice worked as a car-hop for the Defendant. Her second period of employment with Sonic began in June 2019. One of Spurgeon's supervisors was co-manager Leston Juarez. Beginning in July 2019, Juarez began making sexually inappropriate comments on a daily basis to Spurgeon who was then still in her teens. Such comments included for example asking for kisses and for massages. Juarez also subjected Spurgeon to physical sex harassment, including unwelcome touching. Due to the unwelcome nature of the harassment, in approximately late August 2019, Spurgeon reported the sexual harassment by Juarez to another

co-manager to no avail. In late October 2019, Juarez was promoted to General Manager of another nearby Sonic location.  On his last night working at the Mineola location, Juarez approached Spurgeon and said: This is your last chance to run away with me. Juarez made this comment in front of other female car-hops. Thereafter, several female car-hops began discussing that they had experienced similar sex harassment by Juarez, noting the similarity of his sexual remarks to them. Some of those discussions between the female car-hops took place in the presence of an Assistant Manager. The Assistant Manager failed to take any remedial action, but in November 2019, he called Juarez and told him what the female employees were saying about him. Juarez then appeared at the Mineola location, screaming and cursing.

14.    Spurgeon was compelled to resign her position due to intolerable working conditions, including the Defendant's failure to take any remedial action after Spurgeon's complaints and Juarez's promotion to General Manager along with Juarez's screaming and cursing at the Mineola location.

15.    Krystin McElya worked as a car-hop for the Defendant beginning in late-February 2019. Juarez also was one of McElya's supervisors. Like Spurgeon, McElya was in high school when she started working for Defendant. Juarez made frequent verbal sexual remarks to McElya on a daily basis, including if she wanted to make-out or engage in sexual conduct. Juarez also subjected McElya to physical sexual harassment, including unwelcome physical touching such as rubbing his body against hers. As time passed, the severity of Juarez's sexual harassment increased. In fall 2019, Juarez committed an especially egregious act of harassment that included unwelcome touching and grabbing of McElya. Unable to withstand any further harassment, McElya reasonably felt compelled to resign thereafter.

**COMPLAINT**
Page 4

16.     Trinity Hollingsworth worked as a car-hop for the Defendant beginning in October 2018. Hollingsworth also was supervised by Juarez. Juarez made frequent, unwanted verbal sexual remarks to Hollingsworth as frequently as 4-5 times a day when she worked with him. The sexual remarks included for example asking her to perform sexual acts. Juarez also engaged in physical sexual harassment of Hollingsworth, including unwelcome physical touching such as reaching into her apron, and rubbing against her. Juarez subjected other aggrieved female employees to similar vulgar sexual remarks and sexual touching.  Defendant took no effective remedial action to stop Juarez's repeated sexual harassment of young female employees.

17.     The effect of the practices complained of in paragraphs 11-16 above has been to deprive Vanessa Spurgeon, Krystin McElya, Trinity Hollingsworth and other aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

18.     The unlawful employment practices complained of in paragraphs 11-16 above were intentional.

19.     The unlawful employment practices complained of in paragraphs 11-16 above were done with malice or with reckless indifference to the federally protected rights of Vanessa Spurgeon, Krystin McElya, Trinity Hollingsworth and other aggrieved female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones sex

**COMPLAINT**
Page 5

harassment.

B.    Order Defendant, Sonic, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant, Sonic, to make whole Vanessa Spurgeon and Krystin McElya, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant, to make whole Vanessa Spurgeon, Krystin McElya, Trinity Hollingsworth and other  aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

E.    Order Defendant to make whole Vanessa Spurgeon, Krystin McElya,  Trinity Hollingsworth and other aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 11-16 above, including, but not limited to, job search expenses, in amounts to be determined at trial.

F.    Order Defendant, Sonic, to pay Vanessa Spurgeon, Krystin McElya, Trinity Hollingsworth and other aggrieved female employees punitive damages for engaging in discriminatory practices with malice or reckless indifference to their federally protected rights, as described in paragraphs 11-16 above, in amounts to be determined at trial.

**COMPLAINT**
Page 6

H.      Grant such further relief as the Court deems necessary and proper in the public

interest.

I.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

EDWARD JUAREZ
Acting Regional Attorney
Texas Bar No. 24014498

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

<u>/s/ Joel Clark</u>
JOEL CLARK
Senior Trial Attorney
Texas Bar No.  24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**

**COMPLAINT**
Page 7